**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BONNIE HAYES BONSALL,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No.: 1:26-cv-06483

Judge Edmond E. Chang

Magistrate Judge Gabriel A. Fuentes

## <u>DECLARATION OF KEITH A. VOGT</u>

I, Keith A. Vogt, declare as follows:

1.     I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff, BONNIE HAYES BONSALL ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2.     Investigation of the physical address provided for Defendant No. 1 AllSeason Home Goods on Amended Schedule A to the Complaint ("Defendant") shows that Defendant appears to have provided false or at least incomplete physical address information to Temu. Plaintiff conducted an online search of the address provided for Defendant on Defendant's Temu page on Google.com (leading online map service in the United States). Plaintiff's investigation confirmed that the address does not appear to be associated with Defendant's business entity. A screenshot of the online research result of the address provided for Defendant is provided below:

1



3.     Defendant in this case and defendants in similar cases against internet-based infringers typically provide false or incomplete information when registering their online accounts in order to avoid full liability and rely primarily on electronic communications to communicate with their third-party service providers and customers. In my years of experience in anticounterfeiting and anti-piracy investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate, as can be seen above. Email has proven to be a reliable mechanism for quickly providing notice to internet store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via email.

4.     In most instances, the Defendant must provide an email address and physical address to third-party online marketplace platforms when registering its account. Defendant relies primarily on electronic communications to communicate with its registrars and customers, demonstrating the reliability of this method of communication by which the registrant of the Defendant Internet Store may be apprised of the pendency of this action.

5.     I have reviewed The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which

2

China is a signatory. The Hague Convention does not preclude service by email, and the declarations to The Hague Convention filed by China do not appear to expressly prohibit email service.

6.      Additionally, according to Article 1 of The Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 1**.

7.      I have researched whether the issuance of an order to serve process upon the Defendant by electronic mail pursuant to Fed. R. Civ. P. 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China (the "PRC"). I located an English language version of the current Civil Procedure Law of the PRC, which was adopted on April 9, 1991. A true and correct copy of the Civil Procedure Law downloaded from Chinacourt.org, a website sponsored by the Supreme People's Court of the PRC, is attached hereto as **Exhibit 2**. Chapter VII, Section 2, of the Civil Procedure Law governs service of process. I am informed and believe that the law does not preclude the service of process by email and allows for alternate service of process in certain circumstances. For example, Article 84 of the law provides that, if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in the law, a document shall be served by public announcement, a method even less likely to reach a defendant than service by email.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2026.

/s/ Keith A. Vogt

Keith A. Vogt

*Counsel for Plaintiff*